**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **DINO N. THEODORE,** | ) | |
| **and ACCESS WITH SUCCESS, INC.,** | ) | |
| **Plaintiffs** | ) | **CIVIL ACTION NO.: 1:13-cv-11797** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MACY'S RETAIL HOLDINGS, INC.,** | ) | |
| **Defendant** | ) | |

**COMPLAINT**

This action is brought by the plaintiffs to enforce the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12182 against Macy's Retail Holdings, Inc. ("Macy's"). The plaintiffs, Dino N. Theodore and Access with Success, Inc. ("AWS") allege that Macy's has violated Title III of the ADA. The plaintiffs seek, *inter alia*, an Order in the form of a Consent Decree that will require Macy's to remove architectural barriers to wheelchair access at Macy's in the Burlington Mall, Burlington, MA, so that it is accessible to disabled persons on an equal basis with non-disabled persons.

**PARTIES**

1. The plaintiff, Dino N. Theodore is paralyzed from the chest down and uses a wheelchair for ambulation. He drives a car equipped with hand controls.

2. Mr. Theodore is a resident of the Commonwealth of Massachusetts within this judicial district and is a disabled person as defined by the ADA because he is substantially limited in performing one or more major life activities, including but not limited to walking and standing.

3. Mr. Theodore uses a wheelchair for mobility purposes. His physical access to Macy's and his full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein was restricted and denied because of his inability to walk, and

will be restricted and denied in the future unless and until Macy's is compelled to remove the physical barriers to access and ADA violations which exist at its Burlington Mall store, including those set forth in this Complaint.

4. Completely independent of his personal desire to have access to places of public accommodation free of illegal barriers to access, Mr. Theodore also acts as a "tester" on behalf of himself, AWS, and other persons with disabilities, for the purpose of discovering, encountering, and engaging architectural barriers to wheelchair access and other discriminatory conditions or policies against disabled individuals in public accommodations.

5. When acting as a "tester," Mr. Theodore employs a routine practice. He personally visits the public accommodation where he knows or where it has been reported to him that illegal barriers to access exist; engages barriers to access that he is able to engage; and tests barriers to access to determine whether and the extent to which there are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as able-bodied persons are able to do. Independent of other subsequent visits for personal reasons, Mr. Theodore also intends to revisit the premises to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises.

6. In this instance, Mr. Theodore, in his individual capacity for personal reasons, and as a "tester," visited Macy's store in Burlington on July 10, 2013, encountered barriers to access there, and engaged and tested said barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations described herein.

7. The plaintiffs have suffered and continue to suffer direct and indirect injury as a result of

Macy's actions or inaction described herein.

8. Macy's transacts business in the Commonwealth of Massachusetts and is a New York corporation registered with the Secretary of the Commonwealth to do business in Massachusetts. Its principal office is located at 7 West Seventh Street, Cincinnati, OH. Macy's is the owner and operator of the department store in Burlington that is the subject of this action.

9. The plaintiff, AWS, is a non-profit corporation existing under the laws of the Commonwealth of Massachusetts and organized for charitable and educational purposes by individuals with disabilities to advocate for the integration into society of disabled persons and equal access to all services, activities, programs, resources and facilities available to non-disabled persons. Its members are predominantly, but not exclusively, individuals with various physical disabilities impairing mobility, speech, vision and hearing. One of the primary purposes of AWS is to assure that private places of public accommodation are accessible to, and usable by persons with disabilities. AWS intends to send a clear message that segregated services and inaccessible public accommodations are against the law and should not be tolerated.

10. The members of AWS are able-bodied individuals and qualified individuals with disabilities as defined by the ADA. Scott M. Frotton is a founding member of AWS. Mr. Frotton has T7 paraplegia secondary to a spinal cord injury sustained in a construction site accident. He always uses a wheelchair for ambulation. He drives a vehicle equipped with hand controls. Scott Frotton's wife, Tammy Frotton, is also a founding member of AWS. She is not disabled. Mr. Frank Salafia is a member of AWS. He is hearing impaired and has a total loss of vision in one eye. G. David Iverson is a member of AWS. He is paraplegic due to an injury he sustained in 1987. He always uses a wheelchair for ambulation. He drives a vehicle equipped with hand controls. Michelle A. Paletta is a member of AWS. She sustained ruptured lumbar

discs in a car accident many years ago and the condition of her lumbar spine has degenerated such that she can stand for brief periods of time, but is not able to walk without assistive devices. She almost always uses a wheelchair for ambulation. Raymond J. Aziz is a member of AWS. Mr. Aziz wears braces on both ankles and frequently walks with a cane. His condition is secondary to adult onset of diabetes. Robert Brearley is a member of AWS. He is paraplegic due to a fall from a height in 1980. He cannot walk and always uses a wheelchair for ambulation. Daniel J. Murphy, Jr. is a member of AWS. Mr. Murphy sustained a C-6 spinal cord injury in an accident in 1974. He is quadriplegic. He always uses a wheelchair for ambulation. Alex Malvers has cerebral palsy. He always uses a wheelchair for ambulation.

11. The individually named plaintiff, Dino N. Theodore, is a member and a director of AWS. All of the above-named members of AWS, except for Tammy Frotton, are qualified individuals with disabilities within the meaning of the ADA and all other applicable federal and state statutes.

12. Title III of the ADA permits private individuals to bring lawsuits in which they can obtain court orders to stop discrimination on the basis of disability by places of public accommodation.

13. AWS and its members have suffered direct and indirect injury as a result of the defendant's actions or inactions as described herein. AWS also has been discriminated against because of its association with Dino Theodore and his claims. The defendant's failure to comply with the ADA adversely affects the organizational purpose of AWS.

14. By January 26, 1992, public accommodations, such as Macy's department stores, were required to conform to 28 C.F.R. Part 36, "Americans with Disabilities Act Accessibility Guidelines," also known as the "ADAAG's."

15. As of March 14, 2012, public accommodations and commercial facilities, such as Macy's in Burlington, must follow the requirements of the 2010 Standards for Public Accommodations and Commercial Facilities: Title III, including both the Title III regulations at 28 CFR part 36, subpart D; and the 2004 ADAAG at 36 CFR part 1191, appendices B and D.

16. Macy's in Burlington is a place of public accommodation subject to the requirements of the Title III of the ADA and the 2010 Standards.

17. The defendant own and operates a "clothing store," which is a public accommodation as defined in Title III of the ADA, 42 U.S.C. § 12181(7)(E), and its implementing regulation at 28 C.F.R. § 36.104.

## SYNOPSIS OF A CAUSE OF ACTION UNDER THE ADA

18. Congress enacted the ADA in 1990 to remedy widespread discrimination against disabled individuals. In studying the need for such legislation, Congress found that "historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem." 42 U.S.C. § 12101(a)(2).

19. Congress found that the many forms such discrimination takes include "outright intentional exclusion" as well as the "failure to make modifications to existing facilities and practices." 42 U.S.C. § 12101(a)(5).

20. After thoroughly investigating the problem, Congress concluded that there was a "compelling need" for a "clear and comprehensive national mandate" to eliminate discrimination against disabled individuals and to integrate them "into the economic and social mainstream of American life." S. Rep. No. 101-116, p. 20 (1989); H. R. Rep. No. 101-485, pt. 2, p. 50 (1990).

21. The ADA provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

22. In order to make **a** prima facie case under Title III of the ADA, a plaintiff must prove that (1) he has a disability, (2) defendant's facility is a place of public accommodation, (3) and he was denied full and equal treatment because of his disability.

23. The ADA's public accommodations provisions also permit an individual to allege discrimination based on a reasonable belief that discrimination is about to occur.

24. A plaintiff with a disability need not engage in the "futile gesture" of attempting to gain access to each and every feature of a facility or place of public accommodation where access barriers are known to exist and where the owner or operator does not intend to comply with the provisions of the ADA. 42 U.S.C. § 12188(a)(1).

25. This case arises out of Macy's unlawful practice of denying meaningful and equal access to the facilities, goods and services offered at its department store to persons with disabilities, such as the plaintiff, Dino N. Theodore.

**JURISDICTION AND VENUE**

26. The Court has primary jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1343 in that this action arises under the laws of the United States and the defendant is subject to personal jurisdiction.

27. Venue is proper in this Court under 28 U.S.C. § 1391, the claim having arisen in the District of Massachusetts.

## COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

28. Macy's in Burlington must be, but is not, in compliance with the ADA and ADAAG.

29. Mr. Theodore, on or about July 10, 2013, attempted to and, to the extent possible, accessed Macy's, but could not do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Macy's that precluded and/or limited his access to the store and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

30. The plaintiff intends to visit Macy's again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at this facility, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the department store that preclude and/or limit his access to it and/or to the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

31. Macy's has discriminated against the plaintiffs and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its department stores, as prohibited by 42 U.S.C. § 12182, *et seq.*, and will continue to discriminate against the plaintiffs and others with disabilities unless and until Macy's is compelled to remove all physical barriers that exist at its Burlington store, including those specifically set forth herein, and make its department stores accessible to and usable by persons with disabilities, including Dino Theodore.

32. Macy's has discriminated against the plaintiffs by failing to comply with the above general requirements. A specific, although not exclusive, list of unlawful physical barriers,

dangerous conditions and ADA violations which preclude and/or limit Mr. Theodore's ability (because of his disability) to access the defendant's department stores and/or experience the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered there, include:

a. The absence of accessible routes throughout the stores. 2010 Standards 206.2.2 and 403.5.1;

b. Doors that are inaccessible. 2010 Standards 206.5 and 404.

c. Inaccessible counters where customer service and/or transactions occur. 2010 Standards 227 and 904.

d. Inaccessible restrooms. 2010 Standards 213, 603 and 606.

33. The aisles between display racks in clothing stores must be at least 36 inches wide (2010 Standards 206.2.2, 206.2.5, and 403.5.1)

34. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Mr. Theodore and/or which exist at Macy's in Burlington. The plaintiffs require an inspection of the store in order to determine all of the discriminatory conditions that violate the ADA.

35. Mr. Theodore wishes to be able to patronize Macy's in the future. He reasonably expects that he will return to Macy's in Burlington, but he continues to be denied meaningful and equal access to the facility due to discriminatory policies and architectural barriers to wheelchair access.

36. Mr. Theodore has suffered an injury in fact as a result of the defendant's non-compliance with the ADA. His expectation to return to Macy's creates a real and immediate threat of future harm.

37. The defendant has failed to adopt an adequate nondiscrimination policy or has failed to update existing policies.

38. The defendant has failed to train Macy's staff adequately with regard to ADA requirements.

39. The defendant has failed to modify its policies to accommodate disabled persons.

40. The defendant has failed to take those steps that may be necessary to ensure that individuals with disabilities are not excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

41. The defendant has denied persons with disabilities, such as Mr. Theodore, an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that are equal to that afforded to able-bodied customers of Macy's.

42. The defendant has failed to implement a plan for removing architectural barriers to wheelchair access at Macy's in Burlington.

43. On information and belief, Mr. Theodore alleges that there are other ADA violations present within Macy's that will be more fully alleged upon discovery and further inspection.

44. The actions and initiatives that the defendant has failed to undertake in order to make its department stores accessible to persons with disabilities are actions and initiatives that would be readily achievable, required by law, and would greatly assist persons with mobility disabilities at minimal expense to the defendant.

45. The defendant's conduct constitutes ongoing and continuous violations of the ADA and, unless restrained from doing so, the defendants will continue to violate the ADA. Said conduct, unless enjoined, will continue to inflict injuries for which the plaintiffs have no adequate remedy at law.

46. The injunctive relief requested below will redress the plaintiffs' injury.

WHEREFORE, The plaintiffs respectfully request that the Court will order the defendant to alter Macy's in Burlington and amend its policies to make it readily accessible to and useable by individuals with disabilities on an equal basis with non-disabled persons to the extent required by the Americans with Disabilities Act and Subpart E of 28 C.F.R. Part 36 and award the plaintiffs appropriate attorneys' fees and costs of this suit as provided by 42 U.S.C. § 12205.

Respectfully submitted,
The Plaintiffs, DINO THEODORE, et al.,

By their Attorneys,

/s/Nicholas S. Guerrera

Nicholas S. Guerrera, BBO#551475
Shaheen Guerrera & O'Leary, LLC
Jefferson Office Park
820A Turnpike Street
North Andover, MA 01845
(978) 689-0800
nguerrera@sgolawoffice.com

Dated: 07/29/2013